**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Wenceslao MENDOZA–CHAVIRA,**
**Defendant–Appellant.**

No. 03–40462.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 22, 2003.

---

James Lee Turner, Assistant US Attorney, US Attorney's Office, Southern District of Texas, Houston, TX, Mark Michael Dowd, US Attorney's Office, Southern District of Texas, Brownsville, TX, for Plaintiff–Appellee.

Roland E. Dahlin, II, Federal Public Defender, Rudy Xavier Rodriguez, H Michael Sokolow, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM.*

Wenceslao Mendoza–Chavira ("Mendoza") appeals his conviction and the 41–month sentence imposed following his plea of guilty to being found in the United States after deportation, in violation of 8 U.S.C. § 1326. Mendoza argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional.

Mendoza acknowledges that his argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), but he asserts that the decision has been cast into doubt by *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He seeks to preserve his argument for further review.

*Apprendi* did not overrule *Almendarez–Torres. See Apprendi,* 530 U.S. at 489–90, 120 S.Ct. 2348; *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000). This court must follow *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *Dabeit,* 231 F.3d at 984 (internal quotation marks and citation omitted). The judgment of the district court is AFFIRMED.

Given the above disposition, we do not decide whether Mendoza's appeal is barred by the waiver provision of his plea agreement.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

